## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH JACKSON,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 20-CV-782** |
| | : | |
| **NORTHAMPTON COUNTY PRISON,** | : | |
| *et al.*, | : | |
| **Defendants.** | : | |

## MEMORANDUM

**SCHILLER, J.**                                                                 **FEBRUARY 21, 2020**

Plaintiff Joseph Jackson, a pretrial detainee at Northampton County Prison ("NCP"), has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, a Motion for Leave to Proceed *In Forma Pauperis* and his inmate account statement. Named as Defendants are NCP and Prime Care.[1] For the following reasons, Jackson will be permitted to proceed *in forma pauperis,* and the Complaint will be dismissed in part with prejudice and in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.       FACTUAL ALLEGATIONS

Jackson's factual allegations are straightforward. He alleges that he was involved in a fight with another inmate on November 19, 2019, during which he broke a knuckle. (ECF No. 3 at 4.)[2] An initial x-ray on November 22, 2019 came back negative, but a subsequent x-ray taken in early January 2020 showed the break. (*Id.* at 4, 5.) On January 13, 2020, Jackson was seen by

---

[1] While Jackson checked the box on the form Complaint indicating that he intends to sue both Defendants in their "official" capacities, as both Defendants are entities and not individuals the check box will be disregarded for purposes of § 1915 screening.

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

an orthopedist and was told that the delay in getting treatment for the break meant that it would not heal properly, and that his hand would never look the same. (*Id.* at 4.) He has received physical therapy for the injury. (*Id.*) Jackson seeks $50 million in damages for pain and suffering. While he checked the box on the form Complaint indicating that he seeks to invoke the Court's federal question jurisdiction and pursue a claim under § 1983, he does not specify what constitutional right was allegedly violated by the named Defendants. The Court construes his claim as one asserting deliberate indifference to a serious medical need under the Fourteenth Amendment.

## II.    STANDARD OF REVIEW

Because Jackson appears to be unable to pay the filing fee in this matter, the Court will grant him leave to proceed *in forma pauperis*.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) apply, which requires the Court to dismiss the Complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Jackson is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[3] Because Jackson is a prisoner, under the provisions of the Prison Litigation Reform Act, he must still pay the filing fee in full in installments.

## III.  DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988). While Jackson has not specified what constitutional right was allegedly violated by the named Defendants, the Court assumes he intends to bring a Fourteenth Amendment claim for deliberate indifference to a serious medical need.

### a.  Claim Against NCP

The § 1983 claim against NCP is dismissed with prejudice as frivolous because a prison is not a "person" under Section 1983.  *Cephas v. George W. Hill Corr. Facility*, Civ. A. No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010); *Miller v. Curran-Fromhold Corr. Facility*, Civ. A. No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976).

### b.  Claim Against Prime Care

To state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs.[4]  *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  A prison official is

---

[4] As Jackson asserts that he was a pretrial detainee at the time of the events in question, the Fourteenth Amendment governs his claims.  *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005).  However, the standard under the Eighth Amendment and Fourteenth Amendment for claims related to a prisoner's medical needs is essentially the same for purposes of the analysis. *See Parkell v. Morgan*, 682 F. App'x 155, 159 (3d Cir. 2017) (per curiam); *see also Moore v. Luffey*, No. 18-1716, 2019 WL 1766047, at *3 n.2 (3d Cir. Apr. 19, 2019) (declining to address whether a new standard applies to claims raised by pretrial detainees based on issues related to medical care).

not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Furthermore, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

The United States Court of Appeals for the Third Circuit has held that "a private health company providing services to inmates 'cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability.'" *Sims v. Wexford Health Sources*, 635 F. App'x 16, 20 (3d Cir. 2015) (quoting *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003)). Rather, in order to hold a private health care company like Prime Care liable for a constitutional violation under § 1983, Jackson must allege the provider had "a relevant . . . policy or custom, and that the policy caused the constitutional violation [he] allege[s]." *Natale*, 318 F.3d 575, 583-84 (citing *Bd. of the Cty. Comm'rs of Bryan Cty., Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)); *see also Lomax v. City of Philadelphia*, Civ. A.

No. 13-1078, 2017 WL 1177095, at *3 (E.D. Pa. Mar. 29, 2017) ("Because [defendant] is a private company contracted by a prison to provide health care for inmates, . . . it can only be held liable for constitutional violations if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs.") (citations and quotations omitted).

Jackson has not identified any policy or custom of Prime Care that caused him to be deprived of proper care. His allegations that the initial x-ray of his knuckle was negative, but a subsequent x-ray showed a fracture, do not alone establish either deliberate indifference or the plausible existence of a policy or custom adopted by Prime Care that would give rise to a claim against the entity. Accordingly, Jackson has not stated a claim against Prime Care and the claim against it must be dismissed. However, because the Court cannot say at this time that Jackson could never state a plausible claim based on a policy or custom, the claims will be dismissed without prejudice, and Jackson will be granted leave to file an amended complaint to attempt to cure the defects discussed above.

## IV.  CONCLUSION

For the reasons stated Jackson's application for leave to proceed *in forma pauperis* will be granted and his Complaint will be dismissed in part with prejudice and in part without prejudice pursuant to § 1915(e)(2)(B). Jackson will be permitted leave to file an amended complaint if he is able to cure the defects the Court has identified in the claims dismissed without prejudice. An appropriate Order follows.[5]

---

[5] The Order also denies Jackson's Motion for Appointment of Counsel (ECF No. 4) without prejudice. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis).