IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH JACKSON,<br>    Plaintiff, | : <br> : <br> : | |
| v. | : | CIVIL ACTION NO. 20-CV-782 |
| NORTHAMPTON COUNTY PRISON,<br>*et al.*,<br>    Defendants. | : <br> : <br> : <br> : | |

## ORDER

AND NOW, this 21st day of February, 2020, upon consideration of Plaintiff Joseph Jackson's Motion to Proceed *In Forma Pauperis* (ECF No. 1), Prisoner Trust Fund Account Statement (ECF No. 3), *pro se* Complaint (ECF No. 2) and Motion to Appoint Counsel (ECF No. 4), it is **ORDERED** that:

    1.    Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

    2.    Joseph Jackson, #27415, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of Northampton County Prison or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Jackson's inmate account; or (b) the average monthly balance in Jackson's inmate account for the six-month period immediately preceding the filing of this case. The Warden of Northampton County Prison or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Jackson's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court

equaling 20% of the preceding month's income credited to Jackson's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Warden of Northampton County Prison.

4. The Complaint is **DEEMED** filed.

5. For the reasons stated in the Court's Memorandum, Jackson's Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as follows:

   a. The claims against Northampton County Prison are **DISMISSED WITH PREJUDICE**.

   b. The claims against Prime Care are **DISMISSED WITHOUT PREJUDICE**.

6. Jackson is given thirty (30) days to file an amended complaint in the event he can allege additional facts to state a plausible claim against any Defendant not already dismissed with prejudice. Any amended complaint shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Jackson's claims against each defendant, and shall bear the title "Amended Complaint" and the case number 20-782. If Jackson files an amended complaint, his amended complaint must be a complete document that includes all of the bases for Jackson's claims if he seeks to proceed on those claims. Claims that are not included in the amended complaint will not be considered part of this case. When drafting his amended complaint, Jackson should be mindful of the Court's reasons for dismissing his claims as explained in the Court's

Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

      7.      The Clerk of Court is **DIRECTED** to send Jackson a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Jackson may use this form to file his amended complaint if he chooses to do so.

      8.      The Motion to Appoint Counsel is **DENIED WITHOUT PREJUDICE**.

      9.      If Jackson fails to file an amended complaint in accordance with this Order, his case may be dismissed without further notice for failure to prosecute.

                **BY THE COURT:**

                */s/ Berle M. Schiller*
                **Berle M. Schiller, J.**